UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER HARDEN, *Pro Se*, | ) | Case No. 4:21 CV 247 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MARK WILLIAMS, WARDEN, *et al.*, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Respondents. | ) | |

**BACKGROUND**

*Pro Se* Petitioner Alexander Harden, a federal prisoner incarcerated at Federal Correctional Institution Elkton, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241, challenging a decision of a Disciplinary Hearing Officer ("DHO") finding him guilty of possession of non-hazardous contraband (tobacco) for which he was sanctioned with the loss of 14 days of good time credit. (Doc. No. 1.) He seeks an order reversing the findings of the DHO, removing the disciplinary infraction from his record, and restoring his good time credit.

The DHO found the Petitioner had committed the infraction after a hearing and cited the following evidence: a photograph depicting three packets of tobacco in Petitioner's possession; Petitioner's testimony at the hearing admitting that he was in possession of "re-chew"; and the written statement of the reporting officer that he found three packets of tobacco on Petitioner after a pat-down search. (Doc. No. 1-2.)

Petitioner contends his conviction is based on insufficient evidence in violation of due

process because "the material in question was never tested" and could have been "random vegetable matter bearing no relation to tobacco." (Doc. No. 1 at 2.) In addition, he denies he admitted to possessing re-chew at his disciplinary hearing. Rather, he contends he simply admitted that he was cited for the offense. (*Id.*)

## STANDARD OF REVIEW

Federal district courts conduct an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face").

## ANALYSIS

Upon review, the court finds that the Petition must be dismissed. Although prisoners who face the loss of good time credits for alleged misconduct are entitled to the minimum protections of procedural due process, federal courts have a very limited ability to review the determinations of prison disciplinary boards. Pursuant to *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), a federal court must uphold a disciplinary board's disciplinary determination as consistent with due process as long as there is "some evidence" to support the board's decision. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). It "does not require examination of the entire record, independent assessment of the credibility of witnesses,

or weighing of the evidence." *Hill*, 472 U.S. at 455. Instead, the standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board," even when the evidence used against the prisoner "might be characterized as meager." (*Id*. at 455-57.)

Even if the contraband found on Petitioner was not tested to determine it was actually tobacco, and even if Petitioner only admitted that he was charged with the offense, the DHO relied on an eyewitness account of the reporting officer stating that he found tobacco on Petitioner, and a photograph of the three tobacco packets found, in determining Petitioner was guilty of the offense. This is "some evidence" sufficient to support the Petitioner's disciplinary conviction consistent with due process.

## CONCLUSION

Accordingly, the Petition in this matter is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases and 28 U.S.C. § 2243. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 9, 2021